# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | Crim. No. 6:11-cr-00338-JMC-16 |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| THOMAS MOUYER RENRICK, IV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Thomas Mouyer Renrick, IV is a prisoner currently serving a sentence of one hundred twenty-one (121) months in the Bureau of Prisons. (ECF No. 1746.)

This matter is before the court on Renrick's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF No. 1779.) In addition, Renrick has also filed documents construed as a Motion for Review of the Presentence Report Calculation (ECF No. 1796), a successive Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1814), and a Motion for Relief for Failure to Prosecute (ECF No. 1857). For the reasons set forth below, the court **DENIES** each of Renrick's Motions.

## I. RELEVANT BACKGROUND TO PENDING MOTIONS

On August 17, 2011, the Grand Jury named Renrick and specified co-Defendants in a Third Superseding Indictment on numerous drug distribution/trafficking charges. (ECF No. 697.) On September 20, 2011, Renrick signed a written plea agreement (ECF No. 815) agreeing

> to plead guilty to Count 1 of the Superseding Indictment now pending, which charges that, within the District of South Carolina and elsewhere, beginning at least in 2004, the Defendant conspired with others to possess with the intent to distribute and to distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, and 1000 kilograms or more of marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a), (b)(l)(A) and 846.

(ECF No. 815 at 1.) On September 20, 2011, the court accepted Renrick's change of plea (ECF

1

No. 823) and sentenced him to one hundred forty-four (144) months imprisonment on May 17, 2012. (ECF Nos. 1247, 1268.) The court entered the Judgment on May 18, 2012. (ECF No. 1268.) Thereafter, Renrick filed a pro se direct appeal on July 25, 2012 (ECF No. 1356), but voluntarily dismissed his case pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, effective December 3, 2012. (*See* ECF No. 1453-1.)

On June 9, 2015, the United States Probation Office ("USPO") informed the court that Renrick was entitled to a sentence reduction because "the advisory guideline range applicable to the defendant was lowered as a result of the retroactive application of the 2014 drug guidelines." (ECF No. 1691 at 1.) As a result, on August 20, 2015, the court reduced Renrick's sentence to one hundred twenty-one (121) months. (ECF No. 1746.)

On December 5, 2016, Renrick filed his Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 1779) presenting the following grounds for relief:

> Ground One: invalid prior state court convictions were used to enhance my sentence.
> Ground Two: my probation revocation on the charges cited in ground one was illegal.
> Ground Three: the three state convictions have placed detainer status on my federal sentence.
> Ground Four: the prosecution at bar violates the Double Jeopardy Clause.

(*Id.* at 4–8.) Subsequently, Renrick filed his Motion for Review of the Presentence Report Calculation (ECF No. 1796) on July 31, 2017, complaining that the USPO should have counted his prior convictions as relevant conduct and not predicate offenses. (*Id.* at 1.) A year later, he filed a successive Motion to Vacate (ECF No. 1814) on August 2, 2018, presenting the following six (6) additional grounds for vacating his sentence.

> Ground One: counsel was ineffective for not challenging Petitioner's state priors upon Petitioner's demand to do so.

2

> Ground Two: Petitioner's revocation hearing was unconstitutionally conducted in violation of Petitioner's Fifth and Sixth Amendment rights.
>
> Ground Three: Petitioner's state detainer is a handicap to Petitioner receiving the drug program.
>
> Ground Four: Petitioner states that his sentence for the state is a Double Jeopardy claim for his federal sentence, and is thereby unconstitutional and causes Double Jeopardy.
>
> Ground Five: according to *Nelson v. Colorado*, 138 S. Ct. 1204 (2018), Petitioner's enhancement violates Petitioner's Fifth and Sixth Amendment rights [under] Title 28 United States Code, Section 2255(f)(3).
>
> Ground Six: Petitioner's Title 21 United States Code, Section 851 was unconstitutionally applied to Petitioner's case in point.

(ECF No. 1814 at 5–12.) Finally, on July 29, 2019, Renrick filed a Motion for Relief for Failure to Prosecute requesting that the court rule on his Motion to Vacate and find that his prior convictions under the categorical approach should not be used to enhance his sentence under U.S.S.G. § 4B1.1(a). (ECF No. 1814 at 1–2.)

The court considers Renrick's Motions below.

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255, which states that a federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.

## III. LEGAL STANDARD

A. <u>Motions to Vacate Generally</u>

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law, and (4) the

3

sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

B.    <u>Statute of Limitations for Motions to Vacate</u>

A prisoner in federal custody has a one-year limitation period in which to file a motion brought under 28 U.S.C. § 2255. Subject to specific exceptions, *see* § 2255 (f)(2)–(4), the period of limitation begins to run on "the date on which the judgment of conviction becomes final." *See* § 2255(f)(1). When a direct appeal is noticed and dismissed, and the federal criminal defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the conviction becomes final one-year from the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). *See also United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) ("Sosa did not file a petition for writ of certiorari in the Supreme Court of the United States, and his conviction thus became 'final' for the purpose of § 2255's one year statute of limitations on October 29, 1998, 90 days after we entered judgment." (citing *Clay*)). *But see United States v. Martin*, Nos. 3:02-CR-283-R, 3:05-CV-836-P ECF, 2008 WL 4211153, at *5 (N.D. Tex. Sept. 12, 2008) ("Based upon the persuasive analysis of these cases, . . . this Court concludes that the date of Martin's voluntary dismissal of her appeal is the date of finality of her judgment for purposes of 28 U.S.C. § 2255 ¶ 6(1)."). In a case where there is no direct appeal, a defendant's conviction

sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

B.    <u>Statute of Limitations for Motions to Vacate</u>

A prisoner in federal custody has a one-year limitation period in which to file a motion brought under 28 U.S.C. § 2255. Subject to specific exceptions, *see* § 2255 (f)(2)–(4), the period of limitation begins to run on "the date on which the judgment of conviction becomes final." *See* § 2255(f)(1). When a direct appeal is noticed and dismissed, and the federal criminal defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the conviction becomes final one-year from the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). *See also United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) ("Sosa did not file a petition for writ of certiorari in the Supreme Court of the United States, and his conviction thus became 'final' for the purpose of § 2255's one year statute of limitations on October 29, 1998, 90 days after we entered judgment." (citing *Clay*)). *But see United States v. Martin*, Nos. 3:02-CR-283-R, 3:05-CV-836-P ECF, 2008 WL 4211153, at *5 (N.D. Tex. Sept. 12, 2008) ("Based upon the persuasive analysis of these cases, . . . this Court concludes that the date of Martin's voluntary dismissal of her appeal is the date of finality of her judgment for purposes of 28 U.S.C. § 2255 ¶ 6(1)."). In a case where there is no direct appeal, a defendant's conviction

sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

B.    <u>Statute of Limitations for Motions to Vacate</u>

A prisoner in federal custody has a one-year limitation period in which to file a motion brought under 28 U.S.C. § 2255. Subject to specific exceptions, *see* § 2255 (f)(2)–(4), the period of limitation begins to run on "the date on which the judgment of conviction becomes final." *See* § 2255(f)(1). When a direct appeal is noticed and dismissed, and the federal criminal defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the conviction becomes final one-year from the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). *See also United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) ("Sosa did not file a petition for writ of certiorari in the Supreme Court of the United States, and his conviction thus became 'final' for the purpose of § 2255's one year statute of limitations on October 29, 1998, 90 days after we entered judgment." (citing *Clay*)). *But see United States v. Martin*, Nos. 3:02-CR-283-R, 3:05-CV-836-P ECF, 2008 WL 4211153, at *5 (N.D. Tex. Sept. 12, 2008) ("Based upon the persuasive analysis of these cases, . . . this Court concludes that the date of Martin's voluntary dismissal of her appeal is the date of finality of her judgment for purposes of 28 U.S.C. § 2255 ¶ 6(1)."). In a case where there is no direct appeal, a defendant's conviction

becomes final fourteen (14) days after the judgment is entered on the docket. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: . . . the entry of either the judgment or the order being appealed."); *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2001) ("Osborne was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review.").[1]

## IV. ANALYSIS

"28 U.S.C. § 2255[(f)] establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). This limitation period runs from the latest of–

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Upon its review, the court observes that Renrick filed four (4) separately designated Motions, but in each one Renrick challenges events surrounding the imposition of his initial sentence on May 17, 2012, including his representation by counsel, William Harry Ehlies, II.[2]

---

[1] While district courts do recognize the applicability of equitable tolling, such tolling is only appropriate when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," which prevented timely filing. *United States v. Collins*, Cr. No. 3:09-1295-002-CMC, 2016 WL 4524221, at *2 (D.S.C. Aug. 29, 2016) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[2] Renrick's assertions do not appear to be directed at his resentencing which occurred in August of 2015. In the Sentence Reduction Report, Ehlies is no longer identified as Renrick's counsel having been replaced by attorney Benjamin Stepp. (ECF No. 1691 at 1.)

5

(*See, e.g.*, ECF No. 1779 at 1–10.) Such challenges are governed by § 2255 because it "provides the ordinary means for a federal prisoner to challenge his conviction or sentence." *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015). The statute of limitations for such challenges runs from the date Renrick's conviction became final pursuant to § 2255(f)(1).

Renrick filed a pro se direct appeal from his judgment of conviction, which appeal was voluntarily dismissed, and the Court of Appeals for the Fourth Circuit issued its mandate on December 3, 2012. The deadline for seeking certiorari review in the United States Supreme Court is ninety (90) days (*see* 28 U.S.C. § 2101), therefore, March 3, 2013 is the date Renrick's judgment of conviction became final for claims regarding his initial sentence.[3] As such, to be filed in a timely manner, Renrick's Motions were due no later than March 3, 2014. Renrick did not file any of his Motions until December 5, 2016 (ECF No. 1779), which was nearly three (3) years after the one-year period of limitation required by 28 U.S.C. § 2255(f).

To explain why he did not file his § 2255 Motions in a timely manner, Renrick offers a general sentiment without evidentiary support that "the facts supporting the claims presented could not have been discovered through exercise of due diligence." (ECF No. 1779 at 10.) He also asserts that attorney Ehlies waived his right to appeal, even though a pro se appeal is expressly

---

[3] Renrick alleges no unlawful governmental action that prevented him from filing his § 2255 Motion, so 28 U.S.C. § 2255(f)(2) is not applicable here. Nor does Renrick provide any evidence of newly-discovered facts that warrant application of § 2255(f)(4). Finally, Renrick's citation to *Nelson v. Colorado* (*see* ECF No. 1814 at 12) as specifying a right newly recognized by the United States Supreme Court and made retroactively applicable on collateral review under § 2255(f)(3) is erroneous because *Nelson* "neither announces a new rule of constitutional law nor has been made retroactive by Supreme Court authority." *Robinson v. Underwood*, C/A No. 3:18-CV-00982-L-BK, 2018 WL 5668515, at *2 (N.D. Tex. Oct. 31, 2018). *See also Ortiz v. United States*, 2018 WL 4925102, at *1 (S.D. Tex. May 29, 2018) ("He argues that *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), created a new rule of constitutional law that is retroactive on collateral attack: namely, that an individual is presumed innocent until convicted of a crime. This argument is meritless—an individual's presumption of innocence is a bedrock principle of this nation's laws that was not created, much less made retroactive, by *Nelson*." (citing *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978).

noted on the court's electronic docket.  (*See* ECF No. 1356.)  However, neither of these reasons constitute an "extraordinary circumstance" that would justify tolling the one-year period of limitation.  *See United States v. Collins*, Cr. No. 3:09-1295-002-CMC, 2016 WL 4524221, at *2 (D.S.C. Aug. 29, 2016) ("It is Defendant's burden to show that 'some extraordinary circumstance stood in his way' in order to be entitled to the benefit of equitable tolling.").  Accordingly, since Renrick filed his Motions more than one (1) year after the judgment in his case became final, his Motions are untimely under § 2255.

## V. CONCLUSION

Upon careful consideration of the entire record, the court hereby **DISMISSES** Defendant Thomas Mouyer Renrick, IV's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 1779), Motion for Review of the Presentence Report Calculation (ECF No. 1796), Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1814), and Motion for Relief for Failure to Prosecute (ECF No. 1857), **AS UNTIMELY FILED** pursuant to the one-year period of limitation governing motions under 28 U.S.C. § 2255.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Defendant Thomas Mouyer Renrick, IV a certificate of appealability.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

August 29, 2019
Columbia, South Carolina